UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-23100-LENARD/GOODMAN

AMBER GRACE TEUFEL, as an individual
and on behalf of all others similarly situated,

    Plaintiff,

vs.

KARLIN FOODS CORPORATION, an
Illinois Corporation,

    Defendant.

_____

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

The parties to this litigation have entered into a Stipulation of Class Action Settlement (the "Agreement") dated April 28, 2015, which if approved, would resolve this putative class action. Plaintiff Amber Teufel has filed a Motion for Preliminary Class Certification for Settlement Purposes and Approval of Notice to the Class (the "Motion"). Defendant Karlin Foods, Corporation. ("Karlin") does not oppose the Motion, and supports preliminary approval of the Agreement by the Court.

The definitions in the Agreement are hereby incorporated as though set forth fully in this Order, and capitalized terms shall have the meaning attributed to them in the Agreement.

The Court has read and considered the Motion, the Agreement, and all exhibits thereto, including the proposed Class Notice and Claim Form, and finds there is sufficient basis for: (1) granting preliminary approval of the Agreement; (2) certifying the Settlement Class for settlement purposes; (3) appointing Plaintiff Amber Teufel as Class Representative; (4) appointing Joshua H. Eggnatz, Esq. and Michael J. Pascucci, Esq. of Eggnatz, Lopatin &

Pascucci, LLP as Class Counsel; (5) directing that Class Notice be disseminated to the Settlement Class as provided by the Notice Plan; and (6) setting a Final Approval Hearing at which the Court will consider whether to grant final approval of the Agreement.

The Court now GRANTS the Motion for Preliminary Approval and makes the following findings and orders:

1. The Court preliminary certifies, for settlement purposes only, the following settlement class (the "Settlement Class") pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All Persons who, for personal or household use, purchased in the United States from August 22, 2010 to the present, Wal Mart's Great Value™ All Natural Cornstarch, which was distributed by Karlin Foods Corporation and sold exclusively at Wal Mart Stores[1]. Excluded from the Settlement Class are: (a) all Persons who purchased or acquired the Product for resale; (b) Karlin Foods Corporation and its employees, principals, affiliated entities, legal representatives, successors and assigns, and Wal Mart Stores, Inc. and its parents and/or subsidiaries; (c) any Person who files a valid, timely Request for Exclusion; (d) federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof) and (e) the judges to whom this Action is assigned and any members of their immediate families.

2. The Court approves Amber Teufel as Class Representative.

3. The Court appoints the following to serve as Class Counsel: Joshua H. Eggnatz, Esq. and Michael J. Pascucci, Esq. of Eggnatz, Lopatin & Pascucci, LLP, 5400 S. University Drive, Suite 413, Davie, FL 33328. For purposes of these settlement approval proceedings, the Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel.

4. The Court finds, for purposes of settlement only, and conditioned upon the entry

---

1. Product means Wal Mart's Great Value™ All Natural Cornstarch, distributed by Karlin Foods Corporation and sold exclusively at Wal-Mart Stores, Inc.

2

of this Order and the Final Judgment and Order Approving Settlement and upon the occurrence of the Effective Date, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class she seeks to represent for purposes of settlement; (d) Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Plaintiff and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint; (f) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over questions affecting any individual Settlement Class Member; (g) Karlin has acted on grounds that apply generally to the Settlement Class, such that final injunctive relief is appropriate respecting the Settlement Class as a whole; and (h) a class settlement is superior to other available methods for a fair resolution of the controversy.

5. The Court preliminary approves the Agreement, finding that its terms appear sufficient and fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to the Settlement Class as provided by the Notice Plan. The Court finds that the Agreement contains no obvious deficiencies and that the parties entered into the Agreement in good faith, following arms-length negotiation between their respective counsel.

6. The Court approves, as to form and content, the Long-Form Notice and Short-Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits A, 1 & 2. The Court also approves the

3

procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits A, 3 & 4. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

7. Karlin shall cause notice to be disseminated pursuant to the Notice Plan within 21 calendar days of this Order or June 15, 2015 whichever is later.

8. As set forth in the Agreement, Karlin shall pay for the class notice, settlement administration, and any third party costs securing the performacne of the settlement obligation, up to a maximum of $150,000.00.

9. The Court authorizes and directs Karlin to retain Heffler Claims Group as the Claims Administrator to implement the terms of the proposed Agreement, and authorizes and directs such Claims Administrator to (a) publish the Long-Form Notice and Publication Notice as provided by the Notice Plan; (b) establish the toll-free informational telephone number; (c) establish the Settlement Website; (d) receive and process Claims; and (e) carry out such other responsibilities as are provided for in the Agreement or may be agreed to by the Parties in the Action.

10. At or before the Final Approval Hearing (defined below), the Claims Administrator shall provide the Court with a declaration showing that the Class Notice was disseminated in accordance with this Order and the Notice Plan.

11. A hearing on final approval of the Agreement, an award of attorneys' fees and

expenses to Class Counsel, and service award payment to Plaintiff (the "Final Approval Hearing") shall be held at on September 14, 2015, before the undersigned in Courtroom 12-1 of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128.  At the Final Approval Hearing, the Court will consider: (a) whether the Agreement should be finally approved as fair, reasonable, and adequate for the Settlement Class; (b) whether a judgment granting approval of the Agreement and dismissing the Action with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and expenses and an service award for Plaintiff should be granted.

12. Any Settlement Class Member may object to any aspect of the Stipulation of Settlement may object to any aspect of the proposed Agreement either on his or her own or through an attorney hired at his or her expense.  Any Settlement Class Member who wishes to object to the proposed Agreement must file with the Court, and serve on Class Counsel and Defendant's Counsel, at the addresses set forth below, a written statement of objection no later than July 30, 2015 (the "Objection Deadline").  Such statement shall include (a) the name, address, telephone number and, if available, e-mail address of the Person objecting and, if represented by counsel, of his/her counsel; (b) specifically and in writing, all objections; (c) whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; (d) a statement of his/her membership in the Settlement Class including all of the information required by the Claim Form; and (e) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years.  If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the

written materials provided in connection with the Objection to this Settlement.

### Claims Administrator
*Heffler Claims Group*
Karlin Foods Class Action Settlement
1515 Market Street, Suite 1700
Philadelphia, PA 19102

### Class Counsel
Joshua H. Eggnatz, Esq.
Michael J. Pascucci, Esq.
Eggnatz, Lopatin & Pascucci, LLP
5400 S. University Drive, Suite 413
Davie, FL 33328

### Defendant's Counsel
Fredrick H.L. McClure, Esq.
DLA PIPER LLP (US)
100 North Tampa Street, Suite 2200
Tampa, FL 33602-5809

13. Any Settlement Class Member who does not timely file and serve a written objection pursuant to the terms hereof shall be deemed to have waived, and shall be foreclosed from thereafter raising, any objection to the Agreement. Any objection that is not timely made shall be barred. The filing of an objection allows Class Counsel or Defendant's Counsel to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself or herself available for a deposition or to comply with expedited discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

14. The procedures and requirements for filing objections in connection with the

Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objection to the Agreement, in accordance with the due process rights of all Settlement Class Members.

15. Any Settlement Class Member who files and serves a timely written objection pursuant to the terms of this Order and complies with the requirements of this Paragraph may also appear at the Final Approval Hearing either in person or through counsel retained at the Settlement Class Member's expense. Settlement Class Members or their attorneys intending to appear at the Final Approval Hearing must serve on Class Counsel and Defendant's Counsel, and file with the Court, at the addresses specified in this Order, no later than 45 calendar days before the Final Approval Hearing, a notice of intention to appear, setting forth the case number, and the name, address, telephone number, and, if available, email address of the Settlement Class Member (and, if applicable, the name, address, telephone number, and email address of the Settlement Class Member's attorney). Any Settlement Class Member who does not timely file and serve a notice of intention to appear pursuant to the terms of this Order shall not be permitted to appear, except for good cause shown.

16. Exclusions.

a) Any Settlement Class Member may request to be excluded (or "opt out") from the Settlement Class. A Settlement Class Member who wishes to opt out of the Settlement Class must complete and mail to the Claims Administrator a Request for Exclusion that is postmarked no later than July 30, 2015 (the "Opt-Out Deadline"). The Request for Exclusion must be personally signed by the Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Class. No person may opt-out of the Settlement Class any other person, or be opted-out by any other Person, and no Person shall be deemed

opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. So-called "mass" or "class" opt-outs shall not be allowed.

      b)    Except for those Persons who have properly and timely submitted Requests for Exclusion, all Settlement Class Members will be bound by the Agreement and the Final Judgment and Order Approving Settlement, including the Release contained therein, regardless of whether they file a Claim or receive any monetary relief.

      c)    Any Settlement Class Member who properly requests to be excluded from the Settlement Class shall not: (a) be bound by any orders or judgments entered in the Action relating to the Agreement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Agreement.

17.    <u>Claims</u>. The Claim Deadline shall be fourteen (14) calendar days following the Final Approval Hearing, or September 28, 2015, which is due, adequate, and sufficient time. All Claims must be submitted with a Claim Form and received by the Claims Administrator or postmarked by the Claims Deadline. The Claims Deadline shall be clearly set forth in the Class Notice, the Settlement Website, and on the Claim Form. Settlement Class Members who do not timely submit a signed, completed Claim Form in accordance with the procedures set forth in the Agreement shall not be eligible for an Award.

18.    <u>Supplemental Filing Deadlines</u>.

      a)    The Motion for Final Approval of the Settlement and Certification of the Settlement Class, together with the supporting memorandum and papers, shall be filed no later than July 31, 2015.

      b)    Class Counsel's Motion for Attorneys' Fees, Expenses, and an Incentive Award, together with the supporting memorandum and papers, shall be filed no later than July 31, 2015.

      c)    The Parties may each file a supplemental brief no longer than twenty-five (25) pages in length to address any objections filed by Settlement Class Members. Said supplemental briefs shall be filed no later than thirty (30) calendar days before the Final Approval Hearing, or August 15, 2015, whichever is later.

19.    If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall extend to the next Court business day.

20.    <u>Stay of Litigation</u>. Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Agreement and this Order, are hereby stayed.

21.    <u>Termination</u>. In the event the Court does not grant final approval of the Settlement, or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

      a)    The Agreement and all orders and findings entered in connection with the Agreement and the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding; and

      b)    The provisional certification of the Settlement Class pursuant to this Order shall be vacated automatically, the Action shall proceed as though the Settlement Class had never been provisionally certified pursuant to the Agreement, and provisional

9

findings related to Rule 23 shall have no force or effect for the remainder of the Action.

22. This Order shall not be construed or used as an admission, concession, or declaration by or against Karlin of any fault, wrongdoing, breach, or liability, and shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

23. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines.  In that event, the revised hearing date and/or deadlines shall be posted on the Settlement Website referred to in the Class Notice, and the Parties shall not be required to re-send or re-publish the Class Notice.

IT IS SO ORDERED.

Dated: 5/15/15

THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT
COURT JUDGE